UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Andre Lunsford, | ) | **C/A:** 2:13-3546-DCN-BM |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| SC Dept of DSS, Foster Care Provider, | ) | |
| Defendant. | ) | |

The plaintiff, Michael Andre Lunsford, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is detained at the Al Cannon Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The named defendant is the South Carolina Department of Social Services, "Foster Care Provider," a state agency ("DSS").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915[1] and § 1915A, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319

---

[1] 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



(1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this standard, this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## Background

Plaintiff complains generally that the well-being of his daughter, LR,[2] "was neglected while in DSS/Foster Care." (ECF No. 1 at 2.) Plaintiff states that his daughter was taken into emergency custody after he was charged with criminal sexual conduct with a minor under the age of sixteen years. (*Id.*) *See* http://jcmsweb.charlestoncounty.org/PublicIndex/%28X%281%29S%28rvuti4tdsuxf3jzy5wtaqll4%29%29/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2013A1010201404&CaseType=C (last visited Jan. 3, 2014).[3] Plaintiff alleges that LR told DSS caseworkers that she used drugs; had previously tried to commit suicide; and was sexually promiscuous. (ECF No. 1 at 3.) LR's mother told DSS that she could not manage LR and that LR would run away from home; would get into trouble at school; and had "anger problems." (*Id.*)

Plaintiff adds that, while in DSS custody, LR was treated for a sexually-transmitted disease. Plaintiff alleges, "The Foster Care Home is responsible not to allow sexual activity(s) I

---

[2] Plaintiff's minor daughter is referred to herein only by her first and last initials in order to protect her identity.

[3] This Court may take judicial notice of the Public Index for the Clerk of Court for Charleston County. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

2



strongly feel that [LR] may have been sexually abused at the Foster Home." (*Id.* at 4.) Plaintiff contends that LR "will have [human papillomavirus (HPV)] for the rest of her life and may be 70% chance of cervical cancer." (*Id.* (errors in original).) He blames DSS for not taking precautionary measures in spite of the information that they had gathered about LR.

Plaintiff seeks to recover for "child neglect, the mental anguish as a parent"; the "mental and physical neglect" of LR; violations of his and LR's "constitutional and civil rights"; DSS's failure to follow its rules, regulations, policies, and procedures; DSS's "failure to acknowledge" LR's physical and mental needs; and "[f]ailure to serve and protect." (*Id.* at 5.) Plaintiff asks for monetary damages and for LR's "future medical expenses." (*Id.*)

Discussion

As an initial matter, it is noted that Plaintiff purports to bring the instant action on his own and his daughter's behalf. Plaintiff does not allege that he is an attorney-at-law who is licensed to practice in South Carolina, and while he has the authority to litigate his own claims *pro se*, *see* 28 U.S.C. § 1654; *United States v. Lawrence*, 605 F.2d 1321, 1324 (4th Cir. 1979), he does not have the authority to litigate his minor child's claims, as the right to litigate for oneself does not create a coordinate right to litigate for others. *See Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court."). The reasoning behind this rule is two-fold: it protects the rights of those before the court, *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."), and jealously guards the judiciary's authority to govern those who practice in its courtrooms. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring



3

a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Accordingly, Plaintiff may not bring any claims on LR's behalf in this Court.

Further, the Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States;" *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S. Ct. 1497, 1501 (2012); and to state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff's pleadings fail to provide any specific factual information to support a claim that DSS violated his constitutional rights.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)).  Further, Plaintiff has not sued any of the individuals involved in these actions; rather, he has chosen to proceed against DSS, a state agency. As such, this cause of action is a suit against the State of South Carolina itself; *Coffin v. S.C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583 (D.S.C. 1983); and it is well settled that the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to



entertain a § 1983 damages suit brought against the State of South Carolina. *See Alden v. Maine*, 527 U.S. 706 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 61–71 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

The language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, but the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court.[4] The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781; *Seminole Tribe of Fla.,* 517 U.S. at 58 (holding that "the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases; *see Quern v. Jordan*, 440 U.S. 332, 343 (1979); and although a State may consent to a suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n.9 (1984), the State of South Carolina has not consented to such actions, *see* S.C. Code Ann. § 15-78-20(e). Accordingly, Plaintiff cannot pursue his claims against DSS in this § 1983 action.

Finally, to the extent that Plaintiff's claims could be liberally construed as sounding in negligence, he fails to state a cognizable claim, as negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); *see also DeShaney v.*

---

[4] The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). State agencies and state instrumentalities, such as DSS, share this immunity when they are the alter egos of the state. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).



*Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) (§ 1983 does not impose liability for violations of duties of care arising under state law); *Baker v. McClellan*, 443 U.S. 137, 146 (1976) (§ 1983 claim does not lie for violation of state law duty of care).  While such a claim may be cognizable against the State under the South Carolina Tort Claims Act (SCTCA), which waives the State of South Carolina's sovereign immunity in state court for certain tort claims; *see* S.C. Code Ann. § 15-78-10 *et seq.*; the SCTCA specifically reserves South Carolina's Eleventh Amendment immunity from suit in federal court. *Id.* § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's ... immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States ....").

## Recommendation

Based on the foregoing, the undersigned finds that Plaintiff has failed to set forth a plausible federal claim against the Defendant.  *Cf. Iqbal*, 556 U.S. at 682.  Accordingly, it is recommended that the Court dismiss the above-captioned case without prejudice and without service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202–04 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                         Bristow Marchant
                                         United States Magistrate Judge

January 8, 2014
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

